United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                                  Case No. 16-18349-elf
John Flaton, III                                                                        Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Stacey              Page 1 of 1              Date Rcvd: Oct 31, 2017
                              Form ID: pdf900           Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 02, 2017.
db             +John Flaton, III,    4421 Knorr St.,    Philadelphia, PA 19135-2241

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov Nov 01 2017 01:30:14      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 01 2017 01:29:54
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 01 2017 01:30:13      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
                                                                                             TOTAL: 3

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 02, 2017                           Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 31, 2017 at the address(es) listed below:
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    U.S. Bank National Association, Trustee For The
               Pennsylvania Housing Finance Agency bnicholas@kmllawgroup.com,    bkgroup@kmllawgroup.com
              ERIK B. JENSEN    on behalf of Debtor John  Flaton, III akeem@jensenbagnatolaw.com,
               gilberto@jensenbagnatolaw.com;mjmecf@gmail.com
              LEON P. HALLER    on behalf of Creditor    U.S. Bank National Association, Trustee For The
               Pennsylvania Housing Finance Agency lhaller@pkh.com,    dmaurer@pkh.com;mgutshall@pkh.com
              LEROY W. ETHERIDGE, JR.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    U.S. Bank National Association, Trustee For The
               Pennsylvania Housing Finance Agency bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                             TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: John Flaton, III<br>Debtor | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION, TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY<br>Movant<br>vs. | NO. 16-18349 ELF |
| John Flaton, III<br>Debtor | 11 U.S.C. Section 362 |
| William C. Miller<br>Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence, referenced in Movant's Motion for Relief, is **$7,941.02,** which breaks down as follows:

Post-Petition Payments:        January 2017 through September 2017 at $750.00/month
Late Charges:                  January 2017 through September 2017 at $17.78/month
Fees & Costs Relating to Motion: $1,031.00
**Total Post-Petition Arrears   $7,941.02**

2. The Debtor shall cure the aforesaid arrearage in the following manner:

a). Debtor shall amend Debtor's Chapter 13 Plan to provide for payment of the post-petition arrears of **$7.941.02** through the Plan, together with the pre-petition arrears. Debtors shall take any steps necessary to amend the Plan, including filing a motion to modify the plan post-confirmation, which Debtors shall do within seven (7) days of the court order approving of and/or granting this stipulation;

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$7,941.02** along with the pre-petition arrears;

c). The 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due October 1, 2017 and continuing thereafter, Debtor shall pay the regular contractual monthly mortgage payment of $750.00 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event that the payments specified under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed form of order filed with Movant's instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or to any of its successors or assignees, should the claim be assigned or transferred.)

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 25, 2017

By: /s/ *Matteo S. Weiner, Esquire*
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 10/19/17

Akeem B. Parsons, Esq.
Erik B. Jensen, Esq.
Attorney for Debtor

**NO OBJECTION**  *without prejudice to any trustee rights or remedies

Date: 10/27/2017

William C. Miller
Chapter 13 Trustee

## ORDER

Approved by the Court this 31st day of October 2017. However, the court retains discretion regarding entry of any further order.

_____
**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**